IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MORRIS BILLINGSLEY, TDCJ #1479504, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-1475 |
| RICK THALER, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**<u>MEMORANDUM AND ORDER</u>**

The petitioner, John Morris Billingsley (TDCJ #1479504), seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. The respondent has filed a motion to dismiss [Doc. # 10], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Billingsley has filed a reply [Doc. # 13]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.     BACKGROUND**

Billingsley is currently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a judgment of conviction entered against him in cause number 991898. A local grand jury returned an indictment against Billingsley in that case, charging him with possession with intent to deliver at least 400 grams of a controlled substance, namely, cocaine. The State enhanced

that indictment with allegations that Billingsley used and exhibited a deadly weapon during the commission of the offense. On June 24, 2004, Billingsley pleaded guilty to the charges against him without an agreed recommendation from the State as to punishment. The trial court accepted the guilty plea and placed Billingsley on deferred adjudication community supervision (*i.e.*, probation) for a term of seven years.

After Billingsley entered his guilty plea, the State filed more than one motion to revoke his probation for numerous violations of the terms and conditions of supervised release. After Billingsley conceded that the alleged violations were "true," the trial court granted the state's motion to revoke, adjudicated Billingsley guilty of the underlying offense, and sentenced him to serve 20 years in prison on December 14, 2007. Billingsley's direct appeal was dismissed on his own motion on May 15, 2008.

Billingsley now seeks a writ of habeas corpus to challenge his conviction in cause number 991898 under 28 U.S.C. § 2254. In the pending petition, which was filed on April 12, 2011,[1] Billingsley contends that he is entitled to relief for the following reasons: (1) he is actually innocent because he did not have "care, custody, or control" of the controlled substance at issue when it was seized by police; and (2) he was denied effective assistance of counsel, because his attorney failed to investigate, present evidence at trial, or raise

---

[1] The Clerk's Office received the petition on April 15, 2011, and filed it that same day. That petition was executed on April 12, 2011, indicating that Billingsley placed his pleadings in the mail that day. Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

objections to "hearsay" presented by the State, and improperly advised him to plead guilty. The respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). The parties' contentions are discussed further below under the governing standard of review.

## II.    DISCUSSION

### A.    One-Year Statute of Limitations

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179. Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

As outlined above, Billingsley challenges a judgment that was entered against him following his guilty plea on June 24, 2004. *See Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005) (holding that an order placing a defendant on probation or deferred adjudication

supervision is a "judgment" for purposes of the AEDPA statute of limitations); *see also Tharpe v. Thaler*, 628 F.3d 719 (5th Cir. 2010) (reaffirming the holding in *Caldwell*), *cert. denied*, 131 S. Ct. 2934 (2011). Where a state court judgment is challenged on federal review, the statute of limitations found in 28 U.S.C. § 2244(d)(1)(A) begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this context, the Supreme Court has recognized that a state conviction is "final" under the AEDPA when there is no further "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)).

The record confirms that Billingsley waived the right to appeal when he was placed on deferred adjudication community supervision following his guilty plea on June 24, 2004. Even assuming that he had a right to appeal, Billingsley's time to pursue direct review expired thirty days later and the judgment became final on July 24, 2004. That date triggered the AEDPA statute of limitations, which expired one-year later on July 24, 2005. *See Caldwell*, 429 F.3d at 530. The pending federal habeas petition, dated April 12, 2011, is late by more than six years and is time-barred unless an exception applies.

### B.     Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record shows that, on April 23, 2009, Billingsley filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. The state

4

habeas corpus court entered findings of fact and concluded that Billingsley was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied the application without a written order June 9, 2010. *See Ex parte Billingsley*, No. 73,737-01. Because this application was not filed until well after the AEDPA limitations period had already expired, this application does not extend the limitations period for federal habeas review under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Billingsley raises no other valid basis for statutory tolling of the limitations period and the record does not disclose any. In that regard, Billingsley does not demonstrate that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to toll the limitations period in this instance.

### C. Equitable Tolling

In his reply, Billingsley argues that he is entitled to tolling for equitable reasons [Doc. # 13, at 3]. Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district

court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Billingsley fails to meet either of these criteria for reasons discussed further below.

As noted above, the statute of limitations on federal habeas corpus review expired on July 24, 2005. Billingsley maintains that he is entitled to equitable tolling because he attempted to file a federal habeas corpus petition on December 11, 2009. That proceeding was dismissed without prejudice because his state writ application was still pending. *See Billingsley v. Thaler*, No. H-09-4106 (S.D. Tex. May 21, 2010). Billingsley, who concedes that he did not file his state habeas corpus application until April 23, 2009, does not demonstrate that he diligently pursued relief prior to that time. In addition, the record shows that the Texas Court of Criminal Appeals denied Billingsley's state habeas application on June 9, 2010, but that he waited more than nine months, until April 12, 2011, to file the pending federal petition. Billingsley offers no explanation for this delay. It is well established in this circuit that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Billingsley also argues that he is entitled to equitable tolling because the State did not prove that he possessed the drugs at issue. Although Billingsley alleges in his petition that he is "actually innocent," the Court notes that he entered a guilty plea to the charges against him and that he stipulated to the evidence against him. There is no clear precedent in this circuit about whether actual innocence will equitably toll the statute of limitations on federal habeas corpus review. Presumably, tolling would be available for such a claim under 28 U.S.C. § 2244(d)(1)(D), although Billingsley does not establish that this provision applies here because he does not present any evidence in support of his actual-innocence claim. Because Billingsley has not shown himself to be actually innocent, he does not establish an excuse for his failure to seek federal habeas corpus review in a timely fashion or show that exceptional circumstances warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that claims of actual innocence are not a "rare and exceptional circumstance" which justifies equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent); *see also Prince v. Thaler*, 354 F. App'x 846 (5th Cir. 2009) (noting that "[t]here is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations" and declining to address the issue further because the petitioner did not make a showing of actual innocence).

None of Billingsley's other allegations demonstrate an exceptional circumstance that meets the criteria for equitable tolling. Although Billingsley has represented himself in this federal habeas proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d

256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applies, if at all, "restrictively," and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal

---

[2] The Court notes, however, that Billingsley's claims were considered and adjudicated on the merits by the Texas Court of Criminal Appeals, which denied relief based on findings of fact entered by the trial court. *See Ex parte Billingsley*, No. 73,787-01 at 66-68 (finding that Billingsley's conviction was sufficiently supported by a stipulation of evidence along with a valid confession of guilt and that, based on the credible affidavit of his defense attorney, Billingsley was not denied effective assistance of counsel). The pleadings presented by Billingsley, which are conclusory, are not adequate to refute the state court's findings or to demonstrate a valid claim on federal review. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (Absent evidence in the record, a federal habeas corpus court cannot consider a petitioner's "bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.")

quotation and alteration omitted)).  Given the length of delay and the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Billingsley has not established that he is entitled to tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

### III.   CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 10] is **GRANTED**.
2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.
3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 26, 2011.

10

Nancy F. Atlas
United States District Judge